IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

GOLDIE STEVENS and
DARRELL STEVENS,

      Plaintiffs,

v.                                                Case No. 2:15-cv-09714

APPALACHIAN ELECTRIC POWER, INC.,[1]

      Defendant.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is the defendant's unopposed Motion for Summary Judgment (ECF No. 30). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the motion and dismiss this matter from the docket of the court.

## PROCEDURAL HISTORY

*Pro se* plaintiffs, Goldia[2] and Darrell Stevens (hereinafter "the plaintiffs") initially filed a Complaint in the Circuit Court of Mingo County on June 5, 2015. (ECF No. 1,

---

[1] According to the Notice of Removal, the proper name of the defendant is "Appalachian Power Company." The Clerk is directed to modify the style of the case and the short style on the docket sheet to reflect this correction.

[2] Although the Complaint filed in the Circuit Court of Mingo County listed this plaintiff as "Goldie" Stevens, the defendant's summary judgment documents refer to her as "Goldia." For the purpose of this Proposed Findings and Recommendation, the undersigned will refer to this plaintiff as "Mrs. Stevens" where applicable.

Attach. 1). On July 9, 2015, the defendant removed the Complaint to this court based on diversity of citizenship jurisdiction. (ECF No. 1). The Complaint alleges that, on June 6, 2013, the defendant caused a power surge, which, in turn, caused a short circuit arc to the plaintiffs' meter box, and that such mechanical failure caused their house to catch fire, resulting in a total loss of their home in Williamson, West Virginia.

On August 2, 2016, the undersigned conducted a telephonic status conference with Mrs. Stevens and counsel for the defendant. The undersigned subsequently entered an Order and Notice (ECF No. 26) setting forth deadlines for discovery and dispositive motions and advising the plaintiffs of their obligation to respond to any dispositive motion filed by the defendant, pursuant to the holding in *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975).

During discovery, the plaintiffs identified Williamson Fire Chief Joey Carey as a potential expert witness, but never actually filed the appropriate expert witness disclosures required by Rule 26(a)(2) of the Federal Rules of Civil Procedure. Their discovery responses further stated that experts were "being obtained" and "will add more @ later date." (ECF No. 30, Ex. 2 at 2-3).

Notwithstanding the failure of the plaintiffs to comply with the expert witness disclosure requirements, the defendant deposed Mr. Carey and did not object or move to strike him as an expert witness. Discovery closed on October 28, 2016, and dispositive motions were due on November 15, 2016. (ECF No. 26).

On November 15, 2016, the defendant filed the instant Motion for Summary Judgment (ECF No. 30) and a Memorandum of Law in support thereof (ECF No. 31), asserting that the plaintiffs cannot demonstrate the necessary element of causation in order to recover from the defendant on any theory of liability. Despite the undersigned's

2

notification to the plaintiffs of their obligation to respond to a dispositive motion, the plaintiffs failed to file any response to the defendant's Motion for Summary Judgment. Thus, the motion is unopposed.

## STANDARD OF REVIEW

In evaluating summary judgment motions, Rule 56(a) of the Federal Rules of Civil Procedure provides:

> A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a) (2010). Material facts are those necessary to establish the elements of a party's cause of action. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. *Id.* The moving party has the burden of establishing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Even if there is no dispute as to the evidentiary facts, summary judgment is also not appropriate where the ultimate factual conclusions to be drawn are in dispute. *Overstreet v. Kentucky Cent. Life Ins.* Co., 950 F.2d 931, 937 (4th Cir. 1991).

Rule 56(c)(1) of the Federal Rules of Civil Procedure provides that:
A party asserting that a fact cannot be or is genuinely disputed, must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or

3

> declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Subsection (e) of Rule 56 provides that, if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact, the court may: (1) give the parties an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and undisputed supporting materials show that the movant is entitled to it; or (4) issue any other appropriate order. Fed. R. Civ. P. 56(e).

A court must not resolve disputed facts, weigh the evidence or make determinations of credibility. *Russell v. Microdyne Corp.*, 65 F.3d 1229, 1239 (4th Cir. 1995); *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). Rather, the party opposing the motion is entitled to have his or her version of the facts accepted as true and, moreover, to have all internal conflicts resolved in his or her favor. *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979). Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). However, the party opposing the motion may not rely upon mere allegations or denials of the pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Sprenkle v. Hartford Life Ins. Co.*, 84 F. Supp. 2d 751 (N.D. W. Va. 2000).

## **ANALYSIS**

As noted by the defendant, the plaintiffs' Complaint fails to specifically characterize the legal basis or theory of their claim. However, the defendant presumes

that the plaintiffs are asserting a claim of negligence by the defendant or its agents, and are further alleging that such negligence caused the fire that destroyed their home. The defendant's Motion for Summary Judgment documents assert that, regardless of the legal theory, the plaintiffs have failed to meet the burden of demonstrating that the defendant caused the subject fire and, thus, the defendant is entitled to judgment as a matter of law on the plaintiffs' claim. (ECF No. 31 at 2).

During his deposition, Williamson Fire Chief Joey Carey testified that he is neither an electrician, nor an electrical engineer. (ECF No. 30, Ex. 3 at 9, 22). He further testified that he was not one of the firefighters who fought the fire and that he was not present at all at the scene. (*Id.* at 9). Moreover, he did not perform any investigation related to the cause of the fire. (*Id.* at 11).

Ultimately, to the extent that Mr. Carey could be considered a proper expert witness for the plaintiffs, he testified that he could not state, to a reasonable degree of professional certainty or probability, that any actions of the defendant caused the fire. (*Id.* at 21-22). He stated that he could not determine a specific point of origin of the fire. He further testified as follows:

> You would have to make a determination as to what room, what specific wall, and that would be kind of hard with what's left to determine exactly what room or what wall it was. But looking at these pictures, like I said, there was several different areas of the basement and some of the flooring of the first floor that was taken by the prior chief, and all along the wiring is all burned through with what we call alligatored wood, which means it burnt very heavily in that area and not other areas. But as far as a specific point of origin, no, I can't determine that by looking at pictures.

(*Id.* at 22).

On the other hand, the defendant's causation/liability expert witness, Michael Wald, an electrical engineer, with both bachelor and masters degrees in electrical

engineering, personally inspected the plaintiffs' house on June 20, 2013, and determined that the electrical supply and distribution equipment at the home failed to reveal any evidence of electrical failures. (ECF No. 30, Ex. 1, ¶¶ 3-4, 9). He stated that the meter box on the exterior of the home had no damage and was in good condition. (*Id.,* ¶¶ 9-10). Further, the service panel inside the home exhibited no evidence of abnormal electrical activity, but only demonstrated damage consistent with having been caused by the fire attack. (*Id.*, ¶¶ 11, 12).

Furthermore, Mr. Wald's examination of the home's wiring, which was severely damaged, revealed clear evidence of electrical activity on a section of wiring from the attic, which, he stated, confirms that the electrical service panel and meter were still operational when the fire was present at that location. (*Id.*, ¶ 13). Mr. Wald's inspection of the power distribution system further revealed that the Stevens' house and two other homes immediately adjacent thereto, are fed from the same feeder. (*Id.*, ¶ 14). Thus, the level of power being delivered to each home is identical. (*Id.*) Mr. Wald's affidavit further notes that the owner of the neighboring home did not notice anything unusual with his lights or appliances and all were operating properly following the fire. (*Id.*, ¶ 15).

Mr. Wald further opined that, given the extended period of time between the restoration of power to the plaintiffs' home and the discovery of the subject fire, there is no scientific foundation for asserting that a power surge during such restoration efforts caused the fire. (*Id.*, ¶ 16). He further stated that it is "extremely unlikely" for a damaging power surge to occur on a 120/240 circuit and, moreover, it would be impossible for one house to suffer a power surge and not the others on the same feed. (*Id.*, ¶ 17).

Similarly, Mr. Wald testified that the lack of evidence of electrical failures in the meter enclosure eliminates the possibility that a short circuit of the meter occurred. (*Id.*,

6

¶ 18). Furthermore, the fire was observed to originate inside the home and not outside at the meter box. (*Id.*) Because both the meter and the service panel were intact and operating at the time of the fire, Mr. Wald opined that it is clear that the fire originated in another location remote from the service panel and then spread to that location. (*Id.*, ¶¶ 19, 20). Thus, Mr. Wald testified that it was his opinion, "to a high degree of engineering certainty/probability, that this fire was <u>not</u> caused by any power system surges or anomalies on the electrical utility company lines serving this home." (*Id.*, ¶ 21).

Accordingly, the defendant asserts that, notwithstanding sufficient time for discovery and development of their claim, the plaintiffs have failed to put forth sufficient evidence to establish that the defendant <u>caused</u> the subject fire, which is a necessary element of their claim. Specifically, the defendant contends that, if the plaintiffs' claim is grounded in negligence, they must "show four basic elements: duty, breach, causation and damages." *Weigle v. Pifer*, 139 F. Supp.3d 760 (S.D. W. Va. 2015), *citing Hersh v. E-T Enter. Ltd. P'ship*, 752 S.E.2d 336 (W. Va. 2013), *superseded by statute on other grounds*, *Tug Valley Pharmacy, Inc. v. All Plaintiffs Below in Mingo Co.*, 773 S.E.2d 627 (W. Va. 2015).

The defendant asserts that, because the plaintiffs cannot demonstrate, even by a preponderance of the evidence, that any conduct by the defendant or its agents caused this fire, they cannot prevail on their claim. The plaintiffs have not opposed the defendant's motion on this basis.

The plaintiffs have not offered any evidence to establish that the defendant's conduct caused the fire that led to the loss of their home. Consequently, they cannot meet the essential elements of a negligence claim. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that there is no genuine issue of material fact and that

the defendant is entitled to judgment as a matter of law on the plaintiffs' claim in their Complaint. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the defendant's Motion for Summary Judgment (ECF No. 30) and dismiss this matter with prejudice.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the district court and a waiver of appellate review by the circuit court of appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy to the plaintiff and to transmit a copy to counsel of record.

<u>May 8, 2017</u>

Dwane L. Tinsley
United States Magistrate Judge